IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SUSAN McCLEMENT,

                          Plaintiff,

          v.                                          Civil Action No.
                                                      1:13-CV-1450 (DEP)

COMMISSIONER OF SOCIAL SECURITY,


                          Defendant.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF

BUCKLEY, MENDLESON LAW OFFICE    IRA MENDLESON, III, ESQ.
29 Wards Lane
Albany, NY 12204

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN         JASON P. PECK, ESQ.
United States Attorney for the        Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>ORDER</u>

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on February 13, 2015 during a telephone conference, held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

---

[1]      This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1)      Plaintiff's motion for judgment on the pleadings is GRANTED.

2)      The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3)      The matter is hereby REMANDED to the Commissioner, with a directed finding of disability, for the purpose of calculating benefits owing to the plaintiff.

4)      The clerk is directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.


Dated:   February 13, 2015
         Syracuse, New York    _____

                               **David E. Peebles**
                               **U.S. Magistrate Judge**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------x
SUSAN McCLEMENT,

                        Plaintiff,

vs.                            1:13-CV-1450

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
--------------------------------------------x

        Transcript of a Telephone Conference Decision

held on February 13, 2015, at the James Hanley

Federal Building, 100 South Clinton Street,

Syracuse, New York, the HONORABLE DAVID E. PEEBLES,

United States District Judge, Presiding.

                A P P E A R A N C E S

                    (Via Telephone)

For Plaintiff:      BUCKLEY, MENDLESON LAW FIRM
                    Attorneys at Law
                    29 Wards Lane
                    Albany, New York  12204
                      BY:  IRA MENDLESON, III, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    Region II
                    26 Federal Plaza - Room 3904
                    New York, New York  10278
                      BY:  JASON P. PECK, ESQ.

                Jodi L. Hibbard, RPR, CSR, CRR
              Official United States Court Reporter
                    100 South Clinton Street
                  Syracuse, New York  13261-7367
                        (315) 234-8547

1          (The following is an excerpt from the

2          proceedings held on 2/13/15.)

3          (In Chambers, Counsel present via telephone.)

4     THE COURT:  Very good.  I appreciate excellent

5 presentations by counsel.

6          I have before me a request for judicial review of a

7 Commissioner's determination that the plaintiff in this

8 action was not disabled at the relevant times and therefore

9 ineligible for the benefits for which she applied.  Review is

10 sought under 42 United States Code Section 405(g).

11          As everyone knows, under that provision, the

12 court's task is fairly limited and it applies a very

13 deferential standard.  My role is to determine whether proper

14 legal principles were applied and the ALJ and Commissioner's

15 determination were supported by substantial evidence.  The

16 Supreme Court has defined substantial evidence as such

17 relevant evidence as a reasonable mind might accept as

18 adequate to support a conclusion.

19          The background for the case is as follows:  The

20 plaintiff was born in January of 1975 and is 40 years old.

21 She's a high school graduate with some trade school training.

22 She's right-hand dominant, she's divorced, last worked in

23 July of 2009, where she was injured in a submarine shop

24 setting.  She's also worked as a certified nurse aide in a

25 nursing home, as a cashier in a grocery and drugstore, and as

1    a bank teller.

2            In July of 2009, she consulted with an orthopedist,

3    Dr. Todd Shatynski, who saw her from then until roughly

4    January of 2010.  She has also treated with Latham Medical

5    Group including Drs. Locke and Yoon who appear to be general

6    practitioners.

7            In February of 2010, she saw Dr. Daniel T. Phelan,

8    an orthopedic surgeon, who performed a SLAP repair of the

9    plaintiff's left extremity on July 28, 2010.  After the

10   surgery the plaintiff continued to complain of pain in her

11   left shoulder.  She went to physical therapy between

12   September and November of 2010.  She was ultimately seen by

13   Dr. Kyle Flik for a second opinion on May 25, 2011.  Dr. Flik

14   diagnosed her with suspected bicipital tendinitis and gave

15   her a Lidocaine injection.  Didn't appear to question

16   plaintiff's complaints of pain.  His reports include page 259

17   of the administrative transcript.  He indicated he doubted

18   the plaintiff would ever improve.

19           She has seen several Workers' Compensation

20   consultants, including Dr. Steven Hausmann, in 2010 diagnosed

21   plaintiff with adhesive capsulitis, indicated she had a

22   limited range of motion and no ability to lift with her left

23   extremity.

24           She was also consultatively seen by Dr. Louis

25   Benton in the Workers' Compensation setting on November 14th,

2011, and again, September 8, 2012.

She was seen on behalf of the Commissioner, as plaintiff's counsel indicated, by Dr. Jose Corvalan on January 19, 2012.  He issued a medical source evaluation and that is in the record.

She was seen on September 24, 2012 by Dr. Andrew Dubin on referral from Dr. Phelan.  He indicated that plaintiff had a marked partial disability.

Plaintiff underwent a second surgery on April 24, 2012.

Procedurally, plaintiff applied for Disability Insurance benefits on November 1, 2010, alleging an onset date of July 2, 2009.  Hearings were conducted on May 8, 2012 and December 15, 2011 by Administrative Law Judge Carl Stephan.

On May 18, 2012, ALJ Stephan issued a decision. The decision became a final determination of the Commissioner on October 1, 2013 when the Social Security Administration Appeals Council denied plaintiff's application for review of that determination.

In his decision, the administrative law judge went through the now familiar five-step test for determining disability, found that the plaintiff was insured through December 31, 2014, at step one concluded she had not engaged in substantial gainful activity since July 2, 2009, noted

1     that she suffers from severe -- at step two, severe

2     conditions posing work-related limitations including left

3     shoulder pain post-arthroscopic surgery and asthma.  At step

4     three he concluded, however, that she did not -- her

5     conditions did not meet or equal medically any of the listed

6     presumptively disabling conditions.  He considered both the

7     musculoskeletal issues and her respiratory issues under

8     Listings 1.00 and 3.00.

9             He next determined, after surveying the medical

10    evidence, that she retains the residual functional capacity

11    to work in a sedentary setting, except that she's limited to

12    lifting and/or carrying 5 pounds occasionally and

13    occasionally reaching in all directions with her nondominant

14    left upper extremity but she has no restrictions with her

15    dominant right upper extremity.  In addition, she has no

16    ability -- no sit, stand, or walk limitations but cannot

17    perform any climbing of ladders or scaffolds and no crawling.

18    He further found she should not be exposed to concentrated

19    amounts of respiratory irritants.

20            Applying that RFC, he next presented or --

21    presented a hypothetical, two hypothetical questions, one of

22    which tracked his RFC finding, to a vocational expert, who

23    concluded and testified that plaintiff cannot perform her

24    past relevant work, and that she is unable to perform in

25    other capacities -- that she is able to perform, I'm sorry,

1    work available in the national and regional economies.

2            The second hypothetical which was far more

3    restricted, as plaintiff's counsel indicated, resulted in a

4    finding that plaintiff was not disabled.  The ALJ also noted

5    that if the grids were applied, a finding of no disability

6    would be compelled by Rule 202.21, but he determined that

7    with her nonexertional limitations, a vocational expert

8    should be -- should testify based on the possibility of

9    erosion of the job base on which the grids are predicated.

10           When I look at the medical evidence, I have to

11   conclude that the finding that plaintiff can occasionally

12   lift with her left extremity is not supported by substantial

13   evidence.  It is certainly contradicted by plaintiff's

14   testimony.  At pages 38 and 50, she testified she is unable

15   to use her left arm.  Dr. Hausmann indicated that she is

16   unable to lift above her waist with her left arm at 223 of

17   the administrative transcript.  Dr. Benton said that she is

18   able to work but cannot use her left extremity, left upper

19   extremity for any meaningful work, that is at 276.  I note

20   that the administrative law judge claimed to have given great

21   weight to the opinions of Dr. Benton.  Dr. Corvalan also

22   indicated that plaintiff has a marked limitation in her use

23   of her left upper extremity, that is at 280.  The

24   administrative law judge claims to have given at least some

25   weight to Dr. Corvalan's opinions.

1          When the ALJ balanced the medical evidence, he

2    focused on Dr. Locke and Dr. Yoon, these are generalists who

3    were treating the plaintiff primarily prior to her even first

4    surgery; Dr. Shatynski, who treated the plaintiff early on;

5    and Dr. Flik, who saw her only once and even then found no

6    reason to question her pain and gave her a Lidocaine

7    injection.

8          Her treating source unfortunately has really not

9    provided a medical source statement.  Dr. Phelan did,

10   however, say that she was 100 percent disabled, and while it

11   is certainly the law that his, his raw conclusion of

12   disability is not acceptable and entitled to controlling

13   weight since it addresses a matter reserved to the

14   Commissioner, nonetheless, it certainly is an indication that

15   Dr. Phelan concurs with these other opinions about her

16   limitations.

17         So I conclude that the vocational expert's

18   testimony based on residual function -- the first

19   hypothetical that tracks the residual functional capacity is

20   flawed because the residual functional capacity is not

21   supported by substantial evidence.  And were it not for the

22   second hypothetical, I would remand the matter with a

23   direction that the matter be reconsidered.  However, I agree

24   with the plaintiff that the second hypothetical does track

25   the medical evidence and is supported and because the

1  vocational expert testified that given the limitations of the

2  second hypothetical, plaintiff is unable to work in any

3  capacity in any job available in the national and local

4  economy, I conclude that there is persuasive proof of

5  disability and I will therefore vacate the Commissioner's

6  determination and remand with a directed finding of

7  disability solely for purposes of calculating benefits.

8          I thank you both for your excellent presentations

9  again and I hope you have a great weekend.

10         MR. MENDLESON:  Okay, thank you, your Honor.

11         THE COURT:  Thank you.

12             (Proceedings Concluded, 10:28 a.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                  CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4          I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

 5     Official Realtime Court Reporter, in and for the

 6     United States District Court for the Northern

 7     District of New York, DO HEREBY CERTIFY that

 8     pursuant to Section 753, Title 28, United States

 9     Code, that the foregoing is a true and correct

10     transcript of the stenographically reported

11     proceedings held in the above-entitled matter and

12     that the transcript page format is in conformance

13     with the regulations of the Judicial Conference of

14     the United States.

15

16                      Dated this 13th day of February, 2015.

17

18

19                          /S/ JODI L. HIBBARD

20                          JODI L. HIBBARD, RPR, CRR, CSR
                            Official U.S. Court Reporter
21

22

23

24

25
```